IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MEGAN CHRISTINE GIBSON,

        Plaintiff,

v.                        CIVIL ACTION NO.  3:17-0921

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This action for judicial review of an administrative determination under the Social Security Act was referred to a United States Magistrate Judge for proposed findings of fact and recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Now pending before the Court are Claimant's request for judgment on the pleadings and Defendant's request to affirm the decision below. The Magistrate Judge recommends that this Court grant Claimant's request, deny Defendant's request, vacate the final decision of the Commissioner, and remand this matter back to the Commissioner for further administrative proceedings. Defendant filed an objection to the PF&R on August 15, 2017. ECF No. 21. For the following reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R.

    **I.**    **Background**

As noted in the PF&R, "Claimant filed her application for Title XVI benefits on December 11, 2013, alleging disability since October 10, 2013. . ." ECF No. 20, at 2. After several administrative decisions and appeals, an Administrative Law Judge (ALJ) entered a decision

denying Claimant's claims on June 26, 2015. *Id*. The Appeals Council subsequently denied Claimant's Request for Review, making the ALJ's decision the final decision of Defendant. *Id*.

Claimant filed the present action on January 25, 2017, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). ECF No. 2. After all responsive pleadings were filed, Claimant filed a Memorandum in Support of Judgment on the Pleadings in which she alleged that the ALJ's decision contained multiple errors including that the ALJ failed to properly evaluate the medical opinions of Claimant's treating physician. ECF No. 17. In response to Plaintiff's Memorandum, Defendant filed a Brief in Support of Defendant's Decision, ECF No. 18.

## II. Standards of Review

### a. Standard of Review of PF&R

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In this case, the only objection made to the PF&R was brought by Defendant. Defendant claims that the Magistrate Judge erred in concluding that the "ALJ was required to recontact [Claimant's] physician prior to discounting the treating physician's opinion." Since this is the primary basis upon which the Magistrate Judge recommends that this Court reverse the final decision of the Commissioner and remand this matter for further proceedings, Defendant asks the Court to find instead that the ALJ was not required to recontact the physician and, accordingly, to affirm the Commissioner's final decision.

### b. Standard of Review of Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing." After reviewing the prescribed materials, if the Court finds that the Commissioner's decision is supported by "substantial evidence," the Court must affirm the decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Before the Court may inquire as to whether a decision is supported by "substantial evidence," however, it "must first ascertain whether the agency has discharged its duty to consider all relevant evidence." *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997) (internal quotation and citation omitted). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Sec'y of Health, Educ. and Welfare*, 567 F.2d 258, 259 (4th Cir. 1977) (internal quotation and citation omitted).

### III. Discussion

Claimant began complaining of lower extremity edema in October, 2013. ECF No. 20, at 10. In November, 2013, Dr. Amy Garmestani, M.D. became Claimant's primary care physician. *Id*. Claimant's care relationship with Dr. Garmestani continued throughout 2014 during which time Dr. Garmestani treated Claimant for lower extremity edema among other medical conditions and complaints. *Id*. at 11. Throughout her time as Claimant's treating physician Dr. Garmestani made notes that pertained to these conditions and complaints, including notes regarding Claimant's lower extremity edema. *Id*. At one point Dr. Garmestani made the following note on her prescription pad: "[Claimant] has chronic dependent edema for which she is prescribed

medication. Recommendations for treatment at time include low sodium diet & elevation of the lower extremities." *Id*. at 11–12.

In support of her claims, specifically for edema and colitis, Claimant submitted this prescription pad note to the ALJ as evidence of her medical disabilities. ECF No. 12-2, at 20. The ALJ, after reviewing this note, concluded that the treating physician's opinion was to be accorded "little weight." *Id*. He found that Dr. Garmestani's opinion was "vague" and "[did] not detail how long the claimant need[ed] to elevate her legs, and the extent to which it would interfere with a work day." *Id*.

### a. Vagueness

Claimant argues that the ALJ acted outside the scope of the procedural rules by discounting Dr. Garmestani's opinion for vagueness. ECF No. 22. Claimant asserts that, if the ALJ found Dr. Garmestani's opinion to be too vague for sound conclusions to be drawn from it, the ALJ was required to recontact Dr. Garmestani to clarify her opinion before proceeding. *Id*.

In 2011, the procedural rules were modified to eliminate the requirement that the Commissioner recontact a Claimant's medical source when an insufficiency or inconsistency first appears. 76 FR 20282-01, at *20283, 2011 WL 1359404. The Commissioner stated in the Explanation of Changes, however:

> Although we propose to eliminate the requirement that we recontact your medical source(s) first when we need to resolve an inconsistency or insufficiency in the evidence he or she provided, **we expect that our adjudicators would continue to recontact your medical source(s) when we believe such recontact is the most effective and efficient way to resolve an inconsistency or insufficiency**. For example, if we have a report from one of your medical sources that contains a functional assessment of your physical capacity for work, but no clinical or objective findings in support, **we expect that the adjudicator would first contact that source to find out the reasons for his or her assessment**. Similarly, when the medical evidence we receive from one of your medical sources contains an internal inconsistency about an issue relevant to our disability

> determination, **we would also expect that our adjudicator would contact that source to resolve the inconsistency**.

*Id*. (emphasis added).

In addition to this rationale for the rule change in 2011, the present rule still prescribes that, if evidence provided is insufficient, the ALJ will solve the insufficiency by "taking any one or more of [the actions listed in this subsection]." 20 C.F.R. § 416.920b(b)(2). On the list of possible actions, the ALJ is empowered to recontact a claimant's medical source. *Id*. So, while it is true that an ALJ is no longer required to recontact a physician at the first sign of an insufficiency in the evidence, the regulation indicates that the ALJ should still at least attempt to resolve insufficiencies in the evidence before making a determination or decision based on insufficient evidence. In this case, the ALJ "discounted Dr. Garmestani's opinion without further investigation or explanation. . ." ECF No. 20, at 25. In not conducting further inquiry into evidence he found to be insufficient, the ALJ failed to properly consider all relevant evidence.

### b. Articulation of Reasons

In addition to the ALJ's failure to conduct further inquiry after identifying insufficient evidence, the ALJ failed to state a good reason for the lack of inquiry and for his discount of Claimant's treating physician's opinions. The procedural rules for the Commissioner's determination of disabilities prescribe that more weight should be given to the medical opinions from a Claimant's treating physician "since [treating physicians] are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . ." 20 C.F.R. §416.927(c)(2). There is a rebuttable presumption that a treating physician's opinions are to be given controlling weight. *Id*. If an ALJ nevertheless chooses not to afford a treating

physician's opinions controlling weight, however, the procedure ensures that "an ALJ will always give good reasons in [his or her] notice of determination or decision for the weight [he or she] give[s] [a claimant's] treating source's medical opinion." *Id*.

In this case, the ALJ noted in his decision that Dr. Garmestani's opinion was accorded "little weight" in the ALJ's determination of Claimant's case. ECF No. 12-2, at 20. It is undisputed that Dr. Garmestani was Claimant's treating physician for a certain portion, if not all, of the relevant time period. Despite the rebuttable presumption in favor of giving Dr. Garmestani's opinions controlling weight in Claimant's case, the ALJ discounted her opinion because it was "vague." *Id*. This language does not constitute giving good reasons as required by the relevant regulation. *See Rhinehardt v. Colvin*, 2013 WL 2382303, at *2 (E.D.N.C. May 30, 2013) (finding that an ALJ's failure to explain why an impairment did not meet listing criteria constituted a failure of substantial evidence and remanding the case back to the Commissioner); *Tanner v. Astrue*, 2011 WL 4368547, at *4 (D.S.C. Sept. 19, 2011) (deciding that an ALJ's "failure to expound upon any perceived inconsistencies between the [treating physician's] testimony and that from other sources in the record" was a failure to rationally articulate grounds for her decision and remanding the case for further consideration).

Because the ALJ failed to conduct an inquiry into evidence he found to be insufficient and because he failed to properly articulate a reason for his discounting the opinions of Claimant's treating physician, his decision denying Claimant's claims cannot survive the test of substantial evidence. The Court **FINDS**, then, that the ALJ's decision is not supported by substantial evidence and therefore cannot stand.

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS AND INCORPORATES** the Magistrate Judge's PF&R. ECF No. 20. Claimant's request for judgment on the pleadings, ECF No. 17, is **GRANTED** and Defendant's request to affirm the decision below, ECF No. 18, is **DENIED**. Defendant's objection to the PF&R, ECF No. 21, is **OVERRULED**. The final decision of the Commissioner is **REVERSED** and this matter is **REMANDED** back to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 8, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE